IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| and | ) ) |
| CONNIE STACEY, BEVERLY SANDERS, TAMMY THOMPSON, JULIE WOLF and GRACE BELLAMY, | ) ) ) ) ) |
| Plaintiff/Intervenors, | ) ) |
| vs. | ) ) |
| J.D. STREETT & COMPANY, INC., d/b/a HARRISBURG BP, | ) ) ) |
| Defendant. | ) |

Case No.: 05-cv-4186-JPG

## MEMORANDUM AND ORDER

THIS MATTER comes before the Court on the Motion to Intervene (Doc. 14) filed by plaintiff/intervenors Connie Stacey, Beverly Sanders, Tammy Thompson, Julie Wolf and Grace Bellamy. Defendant J.D. Streett & Company, Inc. ("J.D. Streett") has responded to the motion (Doc. 19), the plaintiff/intervenors have replied to that response (Doc. 24), and J.D. Streett has in turn replied to the reply (Doc. 26).

### I. Procedural History

The Equal Employment Opportunity Commission ("EEOC") brought this suit on September 29, 2005, alleging unlawful employment practices by J.D. Streett based on sexual harassment of Stacey, Sanders, Thompson, Wolf and other unnamed women employees by a co-worker at a store owned by J.D. Streett. The lawsuit stemmed from the EEOC's investigation of two charges filed by Stacey and Sanders, respectively, on November 25, 2003, both of which

alleged that they, as well as other female employees, were subjected to sexual harassment. The EEOC investigated the charges and made a determination that there was reasonable cause to believe that J.D. Streett had violated Title VII of the Civil Rights Act because Stacey, Sanders and other female employees were subject to sexual harassment and a sexually hostile work environment. The EEOC then unsuccessfully attempted conciliation with J.D. Streett before filing this lawsuit to seek relief for Sanders, Stacey, Thompson, Wolf and other women adversely affected by J.D. Streett's alleged unlawful practices. The plaintiff/intervenors now seek to intervene in this lawsuit pursuant to Federal Rule of Civil Procedure 24(b) and 42 U.S.C. § 2000e-5(f)(1).

## II.     Intervention Standards

Rule 24(a) provides for intervention of right "when a statute of the United States confers an unconditional right to intervene" or where the putative intervenor has an interest in the subject matter of the action and needs to participate in the litigation to protect that interest. The Civil Rights Act is one of the statutes that provides an unconditional right to intervene under Rule 24(a)(1). That statute provides that when the EEOC chooses to pursue litigation in response to a charge of unlawful discrimination, "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] Commissioner." 42 U.S.C. § 2000e-5(f)(1). Thus, it confers on aggrieved parties an unconditional right to intervene pursuant to Rule 24(a)(1). On the other hand, Rule 24(b) provides for permissive intervention "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

**III. Analysis**

   A.   Stacey and Sanders

Although the plaintiff/intervenors' motion asks for intervention pursuant to Rule 24(b), Stacey and Sanders have an unconditional right to intervene under Rule 24(a)(1) and § 2000e-5(f)(1); they are clearly aggrieved parties because they filed the charges that resulted in the suit. *See General Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980); 6 James W. Moore *et al.*, *Moore's Federal Practice* § 24.02[4][c] (3d ed. 2005). J.D. Streett's failure to object to their intervention implicitly admits as much. Thus, the Court will grant the motion to intervene to the extent that it seeks to add Stacey and Sanders as plaintiffs in this case. J.D. Streett objects, however, to the intervention of Thompson, Wolf and Bellamy. The Court will now turns to those objections.

   B.   Wolf: Timing of Conduct Alleged

J.D. Streett argues that Wolf failed to exhaust her administrative remedies and that she cannot now revive her stale claims by seeking to join this suit. It notes that Wolf was employed between 2000 and 2001, did not file a charge of discrimination with the EEOC or the Illinois Human Rights Commission, and cannot now timely do so. J.D. Streett also notes that Wolf was not employed by J.D. Streett in the 300 days preceding Stacey's and Sanders' charges, so those charges could not possibly have asserted claims involving her. Therefore, J.D. Streett argues, she cannot "piggyback" her claim onto the timely charges filed by Stacey and Sanders and this EEOC lawsuit that stemmed from them.

Title VII requires a plaintiff to present her Title VII claims to the EEOC before filing a federal lawsuit. 42 U.S.C. § 2000e-5(f)(1); *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982); *Ameritech Benefit Plan Comm. v. Communication Workers of Am.*, 220 F.3d 814, 819

3

(7th Cir. 2000); *Gorence v. Eagle Food Ctrs*, 242 F.3d 759, 763 (7th Cir. 2001). In Illinois, the plaintiff must file her EEOC charge within 300 days of the conduct about which she complains. *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir. 1997); *Koelsch v. Beltone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995); 42 U.S.C. § 2000e-5(e). Otherwise her suit is untimely. *Speer*, 123 F.3d at 662; *Koelsch*, 46 F.3d at 707.

"Piggybacking," also known as the "single-filing doctrine," is a judicially created exception to this charge-filing requirement that allows an individual who did not file a timely administrative charge to intervene if her claim "arises out of the same or similar discriminatory conduct, committed in the same period, as the claim in the suit in which he wants to intervene." *Horton v. Jackson Co. Bd. of Co. Comm'rs*, 343 F.3d 897, 899 (7th Cir. 2003). The rationale for the rule is that where the claim is essentially the same or similar, the employer will have notice of the claim and an opportunity to resolve it through the conciliation process, and requiring another submission of the same claim serves no further purpose. *See id.* However, at least with respect to class actions not brought by the EEOC and based on discrete instances of discrimination, the single-filing doctrine cannot revive the claims of those whose limitations periods had already expired when the EEOC charge was filed, that is, those who could not have filed a timely charge at or after the time the EEOC charge was filed because their 300-day period for filing a charge had already expired. *See Movement for Opportunity & Equality v. General Motors Corp.*, 622 F.2d 1235, 1248 (7th Cir. 1980); *EEOC v. Mitsubishi Motor Mfg. of Am.*, 990 F. Supp. 1059, 1086 (C.D. Ill. 1998) ("Under § 706, a court can count back 300 days from the filing of a timely individual charge . . . to determine the relevant time period for determining which claims come in to the case and which are barred.").

The parties spend good portions of their briefs arguing why Wolf can or cannot

4

piggyback her claim on Stacey's and Sanders' charges. However, this issue is a red herring at this stage of the proceedings. As far as the issue of Wolf's intervention in this litigation, it is clear that the EEOC has brought this lawsuit to provide relief to her; it has named her in the complaint and has already pled the claim Wolf asks to join. Thus, Wolf is already an alleged "aggrieved party" and must be allowed to intervene under Rule 24(a)(1) and § 2000e-5(f)(1). Whether the EEOC and Wolf can ultimately prevail on those claims against a statute of limitations argument, and the Court has serious doubts about whether they can, is a matter to be decided at another stage of this case. *See, e.g., EEOC v. Custom Companies, Inc.*, 2004 WL 765891 (N.D. Ill. 2004) (issue raised in motion to limit class); *EEOC v. Dial Corp.*, 156 F. Supp. 2d 926 (N.D. Ill. 2001) (issue raised at summary judgment and deferred to later stage); *EEOC v. Chicago Miniature Lamp Works*, 640 F. Supp. 1291 (N.D. Ill. 1986) (issue raised in a post-trial motion to determine remedies). For this reason, the Court will allow Wolf to intervene in this case pursuant to Rule 24(a)(1) and § 2000e-5(f)(1).

    C.    Thompson

For the same reasons that the Court found Wolf was an aggrieved party, it also finds that Thompson is an aggrieved party and should be allowed to intervene in this case.

    D.    Bellamy

        1.    Scope of Charge

J.D. Streett argues that Bellamy[1] should not be allowed to piggy-back on Stacey's and Sanders' charges that led to this case because those charges did not allege discrimination against a class of people. In order for an individual to piggy-back on another's timely filed EEOC

---

[1] Because the Court has already determined that Thompson and Wolf may intervene under Rule 24(a)(1), it need not consider J.D. Streett's other arguments as applied to them.

5

charge, the charge must contain an allegation of class-wide discrimination. *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008,1016 (7th Cir. 1988) (ADEA context). This is so that the employer will be apprized of the magnitude of its potential liability when the EEOC attempts to conciliate with it. *Id.*

In this case, neither party attaches Stacey's or Sanders' charge to their filings. Bellamy alleges, however, and J.D. Streett does not dispute, that the EEOC charges included statements indicating that Stacey and Sanders *as well as other female employees* were subject to the sexual harassment about which they were complaining. Those statements clearly put J.D. Streett on notice that Stacey and Sanders were complaining about the hostile work environment that affected others and transcended their individual claims. This is sufficient to meet the requirements as set forth in *Anderson*.

2. Nature of Conduct Charged

J.D. Streett argues that Bellamy should not be allowed to piggy-back because the instances of sexual harassment to which she was allegedly subject was not the exact same unlawful conduct as the acts charged by Stacey and Sanders in their EEOC charges. The Seventh Circuit Court of Appeals has stated that piggy-backing is only permissible where the putative intervenor's "unexhausted claim arises from the *same* unlawful conduct," not simply "facts that resemble each other or are causally linked to each other." *Horton v. Jackson Cty. Bd. of Comm'rs*, 343 F.3d 897, 900-01 (7th Cir. 2003).

In this case, Bellamy describes the same, systemic hostile environment charged by Stacey and Sanders in their EEOC charges. All three women allege that one coworker engaged in a pattern of boorish behavior that created a hostile environment for multiple female employees at J.D. Streett during roughly the same time periods. This is sufficient to meet *Horton*'s

6

requirements, especially in light of the expansive nature of the EEOC charges filed, as discussed in the previous section of this order.  That Bellamy was not subject to the *exact* same alleged unwelcome physical contact or sexual comments will not prevent the Court from finding that the hostile environment *as a whole* was the same for all three women.

For these reasons, the Court will allow Bellamy to intervene under Rule 24(a)(1) and § 2000e-5(f)(1) as an aggrieved party.  Alternatively, the Court will allow Bellamy to intervene under Rule 24(b)(2) because her cause of action has questions of law and fact in common with the EEOC action.

## IV.    Conclusion

For the foregoing reasons, because J.D. Streett has not demonstrated any prejudice that would result from allowing the interventions and because the Court believes the interventions would not substantially interfere with the efficient resolution of this litigation, the Court **GRANTS** the motion to intervene (Doc. 14) and **ORDERS** that Stacey, Sanders, Thompson, Wolf and Bellamy be added as plaintiff-intervenors in this litigation.  The plaintiff-intervenors shall have five days from the entry of this order to electronically file their complaint.

**IT IS SO ORDERED.**
**Date:  March 29, 2006**

s/ J. Phil Gilbert
**J. Phil Gilbert, Judge**