IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EQUAL EMPLOYMENT                    )
OPPORTUNITY COMMISSION,             )
                                   )
            Plaintiff,             )        Case No.: 05-cv-4186-JPG
                                   )
            and                    )
                                   )
CONNIE STACEY, BEVERLY SANDERS,)
TAMMY THOMPSON, JULIE WOLF and )
GRACE BELLAMY,                     )
                                   )
            Plaintiff/Intervenors, )
                                   )
      v.                           )
                                   )
J.D. STREETT & CO., INC., d/b/a    )
HARRISBURG BP,                     )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant J.D. Streett & Co, Inc.'s ("J.D. Streett")
motion to dismiss or, in the alternative, for a more definite statement (Doc. 3). Plaintiff Equal
Employment Opportunity Commission ("EEOC") has responded to the motion (Doc. 12), and
J.D. Streett has replied to that response (Doc. 13).

I.     **Background**

The EEOC brought this case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e-5(f)(1) and (3) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, alleging that four
named women and unnamed "other women," all of whom were employees at a store owned by
J.D. Streett since July 2000, were sexually harassed by a coworker (the husband of the store
manager) and were subject to an unlawful hostile work environment as a result of that
harassment. The harassment was so severe, the complaint alleges, that one named woman was
constructively discharged.

J.D. Streett argues that the EEOC's complaint is deficient because it fails to specifically
name all aggrieved parties in violation of Federal Rule of Civil Procedure 10(a) and because it is
too vague under Rule 8(a) to allow J.D. Streett to form a responsive pleading. Alternatively, J.D.

Streett asks the Court to order the EEOC to specifically name all the women for whom it is seeking relief in this case and the harassment to which they were allegedly subjected. Although the motion does not cite the rule under which J.D. Streett seeks relief, the Court assumes it does so under Rules 12(b)(6) and 12(e).

## II.  Standard for Dismissal

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405.

Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *see Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714-15 (7th Cir. 2006); *Brown*, 398 F.3d at 908. A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). Nor must it allege all, or any, of the facts logically entailed by the claim. *Kolupa*, 438 F.3d at 714-15; *Higgs,* 286 F.3d at 439; *Bennett*, 153 F.3d at 518; *American Nurses'*, 783 F.2d at 727. Nonetheless, the complaint must provide a short and plain statement of the claim sufficient to fairly put the defendant on notice of the claim and its basis. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Brown*, 398 F.3d at 908; *see also* Fed. R. Civ. P. 8(a).

With respect to federal discrimination claims like those under Title VII, all a complaint must say is that the employer has caused some concrete injury by discriminating against the aggrieved party. *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006); *Bennett v.*

*Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." *Kolupa*, 438 F.3d at 714. The complaint need not plead facts to support each element or theory of a case. *Id.* at 714-15 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)).

## III.  Analysis

### A.  Rule 10(a)

J.D. Streett asks the Court to dismiss this case because the EEOC did not list the name of each person alleged to have been affected by the alleged hostile work environment. J.D. Streett believes that Rule 10(a) requires such a listing. It does not. Rule 10(a) requires that the plaintiff be named in the caption. In this case, the EEOC is the plaintiff, and the EEOC is clearly listed in the caption of the complaint. Thus, Rule 10(a) has not been violated.

### B.  Rule 8(a)

J.D. Streett also asks the Court to dismiss this case because the complaint is too vague to allow it to prepare a response. Specifically, it argues that because it does not know the identities of all women the EEOC believes were subject to an unlawful hostile work environment, it cannot discover the conduct about which the EEOC is complaining and therefore cannot answer the EEOC's claims.

The Court has reviewed the complaint and finds that it satisfied federal notice pleading requirements. It notifies J.D. Streett of the location of the store at which the alleged harassment occurred, the source of the objectionable conduct and the time frame in which it allegedly occurred. This is sufficient to put J.D. Streett on notice of the gravamen of the EEOC's grievance and to allow J.D. Streett to investigate the allegations. The details will surface during discovery.

### C.  More Definite Statement

J.D. Streett asks the Court to order the EEOC to more definitely state the identities of the aggrieved parties and the conduct about which they complain. Under Rule 12(e), it is within the

Court's discretion whether to order a party to provide a more definite statement, although such motions are not favored in view of the liberal federal pleading standards discussed above. More definite statements are most often reserved for complaints that are unintelligible, not those that simply lack detail. *See, e.g., American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 726 (7th Cir. 1986); *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 559-60 (N.D. Ill. 1994); *FDIC v. Wise*, 758 F. Supp. 1414, 1418 (D. Colo. 1991). Discovery is a more appropriate vehicle for fleshing out the details of a case. *see Moore*, 869 F. Supp. at 560. Furthermore, courts are not receptive to such motions if the details sought could easily be obtained by the defendant. *See* 2 James W. Moore *et al.*, *Moore's Federal Practice* ¶ 12.36[3] (3d ed. 2005).

In this case, the Court declines to order the EEOC to provide a more definite statement. As noted earlier, the complaint is clearly sufficient to meet federal notice pleading standards. Furthermore, it is not unintelligible in any way. In addition, J.D. Streett has the ability to obtain the additional details it seeks by internal investigation or discovery. It surely knows the identities of its female employees at the relevant store during the relevant time period. Through discovery, it can assess which of the relevant employees claim to have been sexually harassed, what acts those employees claim to have constituted that harassment, and whether those employees made official complaints to management. It also knows whether it took any action in response to any reports of sexual harassment from any of those employees. In light of the relative ease with which J.D. Streett could obtain the information it seeks in a more definite statement, there is no need for a more definite statement from the EEOC.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** J.D. Streett's motion to dismiss or, in the alternative, for a more definite statement (Doc. 3).

**IT IS SO ORDERED,**

s/ J. Phil Gilbert
**Judge J. Phil Gilbert**

**Date:  March 29, 2006**